IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 13 - 417 |
| **DESHAWN KING** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Deshawn King was involved in a conspiracy to distribute heroin and used heroin, as well as other forms of force, fraud and coercion to force women to engage in commercial sex acts. King organized and led the sex trafficking operation and use violence and threats to force women to engage in sex acts for money for his profit. The government submits a sentence of 327 months imprisonment is an appropriate sentence in this case.

I.   **BACKGROUND**

On January 10, 2014, defendant pled guilty to all counts charged against him. Defendant is scheduled to be sentenced on July 15, 2014.

II.   **SENTENCING CALCULATION**.

   A.   Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is lifetime imprisonment, a mandatory minimum 15 years imprisonment, a $1,250,000 fine, a mandatory minimum five years supervised release up to lifetime supervised release, and a $500 special assessment.

B.      Sentencing Guidelines Calculation.

The government is in receipt of the PSR and does not believe it is accurate. The government submits King has a final offense level of 36, a criminal history category of IV, resulting in a guideline range of 262 to 327. The government is recommending a sentence of 327 months imprisonment. The government's guideline calculation: all four groups have an adjusted offense level of 34; each group equals one unit for a total of four units; four units results in a four level increase making the adjusted offense level 38; the defendant pled guilty lowering the offense level by 2; final adjusted offense level is a 36. The government is not moving for an additional level for acceptance as King did not timely notify the government or assist the government in its investigation; he has not earned the third point.

The government agrees with probation's assessment that King's criminal history category is a IV. Therefore the resulting guideline range for an offense level of 36 and a criminal history category of IV is 262 to 327.

III.    **ANALYSIS**.

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is 327 months imprisonment; a guideline range sentence.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).[1]

Consideration of the 3553(a) Factors.

The recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  § 3553(a)(2).  Furthermore, the recommended sentence of imprisonment affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated.  Id.

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"  United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

(1) **The nature and circumstances of the offense and the history and characteristics of the defendant**:

King's criminal behavior is extremely serious.   King led and conspired with Daniel Blount by dealing in heroin and running a violent prostitution business.   They initially convinced heroin addicts to work for them under the promise the women will be paid, taken care of and supplied continuous heroin to feed their addictions.   After the women were under their control, they were caused to continue to work for them by force, fraud or coercion or attempts to do so.

The use of heroin as a tool of force and coercion was particularly successful and destructive.   King was a heroin dealer.   King is intimately familiar with the effects heroin has on its users including the excruciating withdrawal process experienced by heroin addicts.   King recruited women to work as prostitutes for him from pool of clients whom he dealt heroin. Once recruited, King forced the women to continue working as prostitutes under his control by giving and withholding heroin as a means of punishment and control.

Heroin was not the only tool of violence used by King.   As a form of punishment King had T.G. tasered.   King also assaulted T. G. by pushing, kicking and punching her.

King threatened AS with a taser.   After AS stopped performing commercial sex acts for King and Blount, they found her at a friend's house, threatened her to get in their vehicle, took AS to a hotel room in Allentown and each took their turn having sexual intercourse with her.   After they were done, they threatened to kill her if she called the police.

King threatened CK, another victim, that if she ever "fucked" with him or his money, she would be dead.   After victims KK and CK stopped performing commercial sex acts for King and Blount, they found both women at an Allentown area hotel and left a note in their hotel door, in part stating, "[KK] Im disappointed in you now your done but I will follow you guys an when

4

ready jump out an have the new bitches whip that ass than we will finish u up.   That new car will have sugar in the tank or a bunch of sand so be ready.   Ah yes crazy bitches you can run but you can't hide.   Iv been watching you and [CK] for days . . . . when you least expect it we will pop up and brake both of your noses so be safe bitches . . . . Iv warned you both 2x now 3x and [CK] you been doing it way longer.   But I know where you live next step house on fire."   The note listed a home address for CK.

King has a self-admitted long history of drug abuse, supported by his prior criminal convictions.   King appears to have no legitimate and verifiable work history.   Although he has two children, who each have a different mother, it doesn't appear he has provided them with any legitimate support.

(2) **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**:

The recommended term of imprisonment does reflect the seriousness of the offense; does show respect for the law; and provides just punishment.   King has had extensive contacts with law enforcement and both the juvenile and adult criminal justice systems.   He has failed to learn from his past experiences.   Clearly they have not acted as a deterrent.   In fact, King's behavior has become more serious – dealing heroin and forcing women through violence to engage in sex acts for his profit.   The recommended guideline range sentence is necessary and appropriate.

(3) **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant:**

As already stated, King has failed to be deterred after having had many encounters with law enforcement in the past, including incarceration and supervision.   And again, his criminal behavior has only escalated and become more serious and violent.   Therefore, the recommended

sentence is necessary to deter both King and others as well as protect the public from King's criminal behavior.

(4) **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner:**

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). In fact, defendant would be served well to develop marketable skills while incarcerated.

Although the recommended 327 month sentence is the high end of the applicable guideline range, the government submits it is appropriate in this case. As stated, King's actions were serious and egregious. King has earned the recommended 327 month sentence for his conduct. Blount received a sentence of 240 months imprisonment. Although Blount has a higher criminal history category, King's conduct was much more egregious in this case. All victims report King led the trafficking operation and was supported in his actions by Blount. All victims reported King was more violent and more of the one in control and making the decisions. As a result, the government submits a 327 month period of incarceration is appropriate and adequately distinguishes King's level of criminal behavior from Blount's.

IV.     **CONCLUSION**

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of imposing a sentence of 327 months imprisonment.

                                                        Respectfully submitted,

                                                        ZANE DAVID MEMEGER
                                                        United States Attorney



                                                        _/s/ Sherri A. Stephan_____
                                                        Sherri A. Stephan
                                                        Assistant United States Attorney

July 21, 2014

## **CERTIFICATE OF SERVICE**

I certify that a copy of this sentencing memorandum was caused to be served by Sherri A. Stephan, Assistant United States Attorney, by electronic filing upon defense counsel:

David Glassman, Esquire

                                      ___/s/ Sherri A. Stephan_____
                                      Sherri A. Stephan
                                      Assistant United States Attorney

Date:   July 21, 2014